Filed 3/30/22

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>   v.<br><br>WOODY MCMURRAY,<br><br>       Defendant and Appellant. | C090767<br><br>(Super. Ct. No. STKCRFE20070010935) |

APPEAL from a judgment of the Superior Court of San Joaquin County, Seth R. Hoyt, Jr., Judge. Reversed and remanded.

Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christofferson and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Woody McMurray appeals the trial court's denial of a recommendation made by the Secretary (Secretary) of the California Department of Corrections and

1

Rehabilitation (CDCR) under former Penal Code section 1170, subdivision (d)(1)[1] (former section 1170(d)(1)) that the trial court consider recalling defendant's sentence and resentencing him in light of changes made to section 12022.53. Defendant contends that the trial court's denial of resentencing without notice or the appointment of counsel violated his constitutional rights and was reversible error.

The People contend we must dismiss defendant's appeal because the trial court lacked jurisdiction to modify defendant's sentence because defendant's judgment was final before the amendments to section 12022.53 became operative, and that statute does not contain any language authorizing resentencing of convictions after they become final. In the alternative, the People contend the trial court lacked authority to strike the section 12022.53 enhancement because defendant's judgment was final and the trial court in 2019 could only exercise the discretion available at the time of original sentencing. The People next argue the trial court lacked authority to modify the sentence because defendant admitted the section 12022.53 enhancement as part of a negotiated plea, and the trial court cannot disregard the terms of the plea. The People further argue defendant does not have a right to counsel or a right to provide additional information.

While defendant's appeal was pending, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (Assembly Bill 1540) came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03. Assembly Bill 1540 also clarified the Legislature's intent regarding procedural requirements and the provision's application to "ameliorative laws . . . that reduce sentences or provide for judicial discretion, regardless of the date of the offense of conviction." (Stats. 2021, ch. 719, § 1(i).) In addition, where requests for recall and resentencing are made, Assembly Bill 1540 added a presumption in favor of recall and

---

[1] Undesignated statutory references are to the Penal Code.

resentencing.  (§ 1170.03, subd. (b)(2).)  We requested supplemental briefing on the effect of the new legislation on this appeal.

Defendant argues that Assembly Bill 1540 constitutes a clarification of existing law and therefore applies to cases involving the interpretation of former section 1170(d)(1).  Defendant further argues Assembly Bill 1540 applies retroactively to his case pursuant to *In re Estrada* (1965) 63 Cal.2d 740.  The People argue Assembly Bill 1540 is not retroactive.  The People acknowledge, however, that in the interest of judicial economy we may reverse the trial court's order and remand for new proceedings under section 1170.03.  We agree with defendant that Assembly Bill 1540 applies to his case because it is a clarification of former section 1170(d)(1), and we will therefore reverse and remand.

## I.  BACKGROUND

In 2008, defendant was charged with two counts of second degree robbery (§ 211) with the personal use of a firearm (§ 12022.53, subd. (b)).  It was further alleged defendant had four prior strikes (§§ 667, subd. (d), 1170.12, subd. (b)), a prior serious felony conviction (§ 667, subd. (a)), and had served two prior prison terms (former § 667.5, subd. (b)).

In September 2010, defendant pled guilty to one count of second degree robbery (§ 211) and admitted a personal firearm use enhancement (§ 12022.53, subd (b)).  Defendant also admitted one prior strike and one prior serious felony (§§ 667, subds. (a) & (d), 1170.12, subd. (b)).  The remaining charges and allegations were dismissed.  The trial court's minutes from the plea hearing do not state that defendant pled to a stipulated sentence.  Prior to taking his plea, the trial court confirmed that defendant understood the "possible range of penalties" and asked him if any promises were made as to "what the punishment could or might be."

During the plea hearing, the trial court sentenced defendant to 25 years in state prison, as follows:  five years for the robbery charge doubled to 10 years due to the strike,

3

10 years consecutive for the firearm use enhancement, and five years consecutive for the prior serious felony. Defendant did not appeal, and the judgment became final.

In October 2019, the Secretary of the CDCR sent a letter to the trial court recommending defendant's sentence be recalled and he be resentenced pursuant to former section 1170(d)(1). The recommendation was made based on the amendments to section 12022.53, which now gives the trial court discretion to strike or dismiss personal firearm use enhancements. (§ 12022.53, subd. (h).) The letter included a copy of the information, abstract of judgment, and minutes from the plea and sentencing hearing. The letter and supporting evidence were forwarded to the local district attorney and public defender offices.

Later that month, the trial court issued an ex parte order noting it had reviewed the letter from the Secretary but "declin[ed] the invitation to exercise its authority and discretion to resentence defendant." The trial court did not state any reasons for its decision.

## II. DISCUSSION

As our Supreme Court has explained, we "cannot disregard" subsequent expressions of the Legislature as to its intent regarding a prior statute. (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 244 (*Western Security Bank*).) If an amendment " ' "which in effect construes and clarifies a prior statute" ' " was adopted soon after controversies arose about the proper interpretation of the statute, " ' "it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of substantial change." ' " (*Id.* at p. 243.) When a case involving such a clarifying amendment is on appeal, the appropriate resolution is to reverse and remand the matter for further proceedings in compliance with the amended legislation. (*Id.* at p. 253.)

Former section 1170(d)(1) authorized a trial court, at any time upon the recommendation of the Secretary, to "recall the sentence and commitment previously

4

ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." This same language is contained in section 1170.03, which is where Assembly Bill 1540 moved the recall and resentencing provisions of former section 1170(d)(1). (§ 1170.03, subd. (a)(1).)

Former section 1170(d)(1) (and now section 1170.03) authorizes the Secretary of the CDCR to recommend to the superior court that the court recall a previously imposed sentence and resentence the defendant. (See *People v. Loper* (2015) 60 Cal.4th 1155, 1165, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.) The CDCR recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is "an invitation to the court to exercise its equitable jurisdiction." (*People v. Frazier* (2020) 55 Cal.App.5th 858, 866 (*Frazier*).)

In addition to moving the recall and resentencing provisions of former section 1170(d)(1) to section 1170.03, Assembly Bill 1540 also clarifies the required procedures including that, when recalling and resentencing, the court "shall . . . apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1170.03, subd. (a)(2).) Where, as here, the CDCR recommends recall and resentencing, the court is also now required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant. (§ 1170.03, subds. (a)(6)-(8), (b)(1).) In addition, where a resentencing request is made, there is now a presumption in favor of recall and resentencing of the defendant, "which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety." (§ 1170.03, subd. (b)(2).)

The legislative history of these changes indicates that the bill was, in part, intended to clarify the Legislature's intent regarding former section 1170(d)(1), which it had amended in 2018. Specifically, the Legislature sought through Assembly Bill 1540 to "ensure due process and equitable application in these types of resentencing cases" and

5

indicate that trial courts should accept the CDCR's resentencing recommendations. (See, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1540 (2021-2022 Reg. Sess.) as amended Sept. 3, 2021, p. 3 [bill clarifies legislature's intent to honor time, thought, and effort law enforcement agencies put into referrals]; Sen. Com. on Public Safety, Rep. on Assem. Bill No. 1540 (2021-2022 Reg. Sess.) as amended June 22, 2021, pp. 2-3 [bill "makes clarifying changes," including requiring notice to defendant, appointment of counsel, a hearing, a statement of reasons for denying or granting recall and resentencing, and a presumption favoring recall and resentencing]; Assem. Com. on Pub. Saf., Analysis of Assem. Bill No. 1540 (2021-2022 Reg. Sess.) Apr. 27, 2021, Author's Statement, p. 4 ["The changes contained in A[ssembly] B[ill] 1540 strengthen common [procedures] to address equity and due process concerns in how courts should handle second look sentencing requests"].)

The legislative history further indicates that Assembly Bill 1540 was intended to clarify certain aspects of former section 1170(d)(1) that the appellate courts had incorrectly interpreted, including that, "when a sentence is recalled or reopened for any reason, in resentencing the defendant trial courts must apply [']any changes in law that reduce sentences or provide for judicial discretion.' " (Sen. Com. On Public Safety, Rep. on Assem. Bill No. 1540 (2021-2022 Reg. Sess.) as amended June 22, 2021, p. 3 [noting that *People v. Federico* (2020) 50 Cal.App.5th 318, review granted August 26, 2020, S263082, held to the contrary].) We note that there are several published appellate decisions finding that former section 1170(d)(1) did not require certain procedural safeguards that the Legislature has now clarified are indeed required under section 1170.03. (See, e.g., *Frazier, supra,* 55 Cal.App.5th at pp. 865-868 [finding no requirement for the appointment of counsel under former section 1170(d)(1)]; *People v. McCallum* (2020) 55 Cal.App.5th 202, 215-216 [finding no requirement for a hearing before determining whether to recall a defendant's sentence].)

6

In sum, the Legislature repeatedly indicated that Assembly Bill 1540 was intended to "make clarifying changes" to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing. (See, e.g., Sen. Com. on Public Safety, Rep. on Assem. Bill No. 1540 (2021-2022 Reg. Sess.) as amended June 22, 2021, pp. 2-3.) These changes were adopted in 2021, thereby promptly addressing appellate decisions from 2020 that had interpreted the Legislature's intent regarding former section 1170(d)(1). Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence defendant under the new and clarified procedure and guidelines of section 1170.03. (See *Western Security Bank, supra*, 15 Cal.4th at p. 253.) This is especially true here, given that the trial court failed to provide defendant with notice of the recommendation from the CDCR, appoint counsel for defendant, hold a hearing, or state its reasons for declining to recall and resentence defendant.

Given our conclusions, we need not address whether we also must reverse and remand pursuant to *In re Estrada, supra,* 63 Cal.2d 740.

## III.  DISPOSITION

The order declining to recall and resentence defendant is reversed, and the matter is remanded for further proceedings consistent with this opinion.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

KRAUSE, J.

8